IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. CR 15-3386 RB

CIPRIANO ANAYA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Anaya's Motion to Reduce Sentence under 18 U.S.C. § 3582 (Doc. 470) and his counseled Supplemental Motion to Reduce Sentence (Doc. 487). Having reviewed the submissions of the parties, the record, and the applicable law, the Court finds the motions are not well-taken and should be **DENIED**.

**I.  Background**

On August 26, 2016, Mr. Anaya pled guilty to two counts of an Indictment charging: (1) conspiracy to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and (2) knowing and intentional use of a communication facility, a telephone, to further the commission of a drug trafficking crime, contrary to 21 U.S.C. §§ 843(b) and 846. (*See* Docs. 48; 229–30.) On March 22, 2017, the Court sentenced Mr. Anaya to 108 months imprisonment. (Docs. 353–54.)

Mr. Anaya now moves the Court through counsel, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (*See* Doc. 487.) Mr. Anaya has served 62 months; with good time credit he has served approximately 70% of his sentence. His anticipated release date is May 24, 2022. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Feb. 28, 2021).

1

**II.   Discussion**

Mr. Anaya seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Anaya filed such a request with FCI Safford on September 5, 2020. (*See* Doc. 487-B.) The warden denied the request. (*See* Doc. 487-C.) Thus, the Government concedes that he has exhausted his administrative remedies. (*See* Doc. 490 at 7 n.1.)

Mr. Anaya asserts that extraordinary and compelling circumstances exist due to the unprecedented COVID-19 pandemic. (Doc. 487 at 3–4.) He argues that his medical condition puts him at risk for severe illness from COVID-19. (*Id.*) Medical records show that Mr. Anaya has been diagnosed with hypertension. (Doc. 487-A at 1.) The CDC lists hypertension as a medical condition that *may* put an individual at an increased risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 22, 2021). Mr. Anaya does not, however, suffer from a medical condition that inarguably puts a person at increased risk of severe illness from COVID-19. *See id.*

Moreover, the Court notes that while Milan FCI has experienced an outbreak of COVID-19 recently, it appears that the facility has gotten the pandemic under control for the moment and currently has no positive inmate cases. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 28, 2021). In short, the Court declines to find that Mr. Anaya has demonstrated extraordinary and compelling circumstances that warrant compassionate release.

Because the Court does not find extraordinary and compelling circumstances exist, it need not consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

The undersigned recognizes and commends Mr. Anaya for his clean disciplinary record and his participation in the Residential Drug Abuse Program and encourages Mr. Anaya to continue to participate in counseling and work and educational programming to improve his chances at a successful transition.

**THEREFORE,**

**IT IS ORDERED** that Mr. Anaya's Motion to Reduce Sentence under 18 U.S.C. § 3582 (Doc. 470) and his counseled Supplemental Motion to Reduce Sentence (Doc. 487) are **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE